STATE of Wisconsin EX REL. Tayr Kilaab al Ghashiyah (KHAN) f/k/a Casteel, Petitioner-Appellant,

v.

Michael SULLIVAN, Secretary, Judy Smith, Fred Nelson, Bill Schider, Lt. Stellie, Deanne Schaub, Stephen Puckett, Mira Gonzales, Capt. Schroeder, Diane Fergot, Spanbauer, Hamersma, Molly Sullivan, Department of Corrections, Respondents-Respondents.

Court of Appeals

*No. 99–2102. Submitted on briefs March 31, 2000.—Decided April 27, 2000.*

2000 WI App 109

(Also reported in 613 N.W.2d 203.)

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Tayr Kilaab al Ghashiyah (Khan)* pro se.

On behalf of the respondents-respondents, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Robert A. Selk*, assistant attorney general.

Before Dykman, P.J., Eich and Deininger, JJ.

¶ 1. PER CURIAM. The respondents have moved to vacate a form order issued by our clerk's office which authorized appellant Tayr Kilaab al Ghashiyah (Khan), f/k/a Casteel, to proceed without prepayment of the filing fee in this appeal from an order granting the respondents' motion for reconsideration. Our order was issued after Khan showed that he was a prisoner and indigent, and authorized the agency having custody of his trust account to forward payments from his account as available. However, the respondents have since submitted materials showing that Khan has had three or more actions dismissed for the reasons set forth in WIS. STAT. § 802.05(3)(b) (1997–98)[1] (allowing dismissal if the action is frivolous, brought for an improper pur-

---

[1] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

pose, seeks monetary damages from an immune defendant, or fails to state a claim upon which relief may be granted).[2] Thus, they claim, he is barred from proceeding without prepayment of the filing fee under WIS. STAT. § 801.02(7)(d), which we assume for the purpose of this motion applies to appellate court proceedings through WIS. STAT. § 814.29(1m)(c).[3]

---

[2] The respondents have attached copies of dismissal orders in *State ex rel. Ghashiyah v. Morgan,* Dane County No. 98–CV–1934, *State ex rel. Ghashiyah v. Morgan,* Dane County No. 98–CV–1935, *State ex rel. Ghashiyah v. Sullivan,* Dane County No. 98–CV–2215, *State ex rel. Ghashiyah v. Sullivan,* Dane County No. 98–CV–2002, and *Ghashiyah v. Sullivan,* United States District Court for the Western District of Wisconsin No. 96–C–0604–C.

[3] WISCONSIN STAT. § 814.29(1m)(c) (emphasis added) provides:

*Except when dismissal is required under s. 801.02(7)(d),* the court shall issue an order permitting the prisoner to commence or defend an action, special proceeding, writ of error *or appeal* without the prepayment of fees or costs or without being required to give security for costs if [indigency is established and the prisoner authorizes the release of funds from his trust account as they become available].

Although WIS. STAT. § 801.02(7)(d) ostensibly applies only to the circuit court through WIS. STAT. § 801.01(2), there would seem to be little reason to allow the court of appeals to permit an appeal to be commenced without the prepayment of the filing fee under WIS. STAT. § 814.29(1m)(c) except when dismissal is required under § 801.02(7)(d), unless the court of appeals were also required to dismiss appeals for the reasons identified in that section. When we invited the parties to address this issue, Khan indicated that he had no objection to the application of the three strikes rule to his attempt to initiate an appeal, other than its constitutionality. We therefore assume for the purpose of this motion that the three strikes provisions apply.

¶ 2. Khan objects to the respondents' motion on the grounds that WIS. STAT. §§ 801.02(7)(d) and 814.29(1m)(c), commonly referred to as "three strikes and you're out" provisions, are unconstitutional. He claims the provisions improperly suspend his right to habeas corpus, deprive him of access to the courts and equal protection of the laws, and constitute bills of attainder. For the reasons discussed below, we reject each of these contentions and conclude that the three strikes provisions are constitutional as applied to Khan. We therefore vacate the order permitting Khan to proceed without the prepayment of the filing fee, and direct him to submit $150 to the clerk of this court within thirty days of the date of this order if he wishes to proceed with the appeal.

## BACKGROUND

¶ 3. Khan filed a complaint in the circuit court, alleging that the respondents had violated his civil rights, and requesting certiorari review of a prison disciplinary decision and a program review committee decision removing him from his job as a prison barber. The circuit court dismissed the civil rights complaints, and affirmed the disciplinary decision and the program review committee decision. Khan appealed from the affirmances of the two prison administrative decisions. On appeal, we upheld the affirmance of the disciplinary decision, but directed that the program review committee decision be vacated. On remand, the circuit court awarded Khan back pay for the time he had been removed from his job. However, the court then granted the respondents' motion for reconsideration, vacating the award of back pay. Khan appealed, and on October 4, 1999, we granted him leave to proceed without prepayment of the filing fee after he authorized payments

to be made from his trust account as funds became available. After the record and appellant's brief had been filed, the respondents moved to suspend the briefing schedule and vacate the order allowing Khan to proceed without prepayment of fees because he had three strikes against him under WIS. STAT. §§ 801.02(7)(d) and 814.29(1m)(c). Khan objected, and we asked the parties to brief the constitutionality of the three strikes provisions.

## ANALYSIS

### *Habeas Corpus*

¶ 4. Khan claims that the three strikes provisions improperly suspend his right to habeas corpus, in violation of both the United States and Wisconsin constitutions. *See* U.S. CONST. art. I, § 9; WIS. CONST. art. I, § 8(4).[4] Although Khan does not specify whether he is challenging the constitutionality of these provisions on their face or as applied to him, we construe his habeas attack as a facial challenge because the appeal he himself is attempting to initiate does not seek habeas relief. In order to establish that WIS. STAT. §§ 801.02(7)(d) and 814.29(1m)(c) are facially invalid because they violate the right to habeas corpus, Khan would need to show that there are no circumstances under which the challenged provisions could be

---

[4] Article I, § 8(4) of the Wisconsin Constitution provides, "The privilege of the writ of habeas corpus shall not be suspended unless, in cases of rebellion or invasion, the public safety requires it." Article I, § 9 of the United States Constitution similarly provides, "The privilege of the writ of habeas corpus shall not be suspended, unless when in cases of rebellion or invasion the public safety may require it."

enforced without violating the right to habeas corpus. *See United States v. Salerno*, 481 U.S. 739, 745 (1987); *State v. Konrath*, 218 Wis. 2d 290, 304 n.13, 577 N.W.2d 601 (1998). Yet the facts of this very case, in which Khan is not seeking habeas relief, provide an example of a situation in which the enforcement of the three strikes rule would in no way burden the right to habeas corpus. Because the challenged provisions act to bar the initiation of a wide range of cases beyond those seeking habeas relief, they cannot be found facially invalid on that basis.[5]

## Access to Courts

¶ 5. Khan claims that requiring indigent prisoners who have filed three or more frivolous lawsuits in the past to prepay the filing fee in order to initiate any new lawsuit denies access to the courts for potentially meritorious claims by requiring inmates to chose between daily necessities and legal rights. The First

---

[5] We do not address whether WIS. STAT. §§ 801.02(7)(d) and 814.29(1m)(c) would be unconstitutional as applied to an inmate seeking habeas relief. We note, however, that the Wisconsin three strikes provisions treat habeas corpus actions differently than their federal counterpart, 28 U.S.C. § 1915(g), because unlike the federal Prison Litigation Reform Act, the Wisconsin Prisoner Litigation Reform Act has been held to apply to habeas corpus actions which do not directly seek "relief from a judgment of conviction or a sentence of a court." *State ex rel. Stinson v. Morgan*, 226 Wis. 2d 100, 100–02, 593 N.W.2d 924 (Ct. App. 1999) (holding that an inmate who sought to challenge the computation of his period of incarceration following parole revocation by means of habeas corpus was subject to Wisconsin PLRA provisions); *cf. Martin v. United States*, 96 F.3d 853, 855–56 (7th Cir. 1996) (holding that the federal PLRA does not apply to habeas corpus proceedings because they are sui generis, rather than civil actions).

Amendment protects the rights of citizens to "petition the Government for a redress of grievances." U.S. CONST. amend. I. Our state constitution similarly guarantees the right "to petition the government." WIS. CONST. art. I, § 4. In conjunction with due process requirements, the right to petition for redress of grievances requires that people, including prison inmates, be given meaningful access to the courts to pursue civil claims. *See, e.g., Crowder v. Lash*, 687 F.2d 996, 1004 n.6 (7th Cir. 1982) (citing the First and Fourteenth Amendments as the basis for a prisoner's federal right of access to courts). Article I, § 9 of the Wisconsin Constitution additionally provides:

> Every person is entitled to a certain remedy in the laws for all injuries, or wrongs which he may receive in his person, property, or character; he ought to obtain justice freely, and without being obliged to purchase it, completely and without denial, promptly and without delay, conformably to the laws.

■

¶ 6. The right to have access to courts "is neither absolute nor unconditional," however. *Village of Tigerton v. Minniecheske*, 211 Wis. 2d 777, 785, 565 N.W.2d 586 (Ct. App. 1997). For instance, the right may be limited on a case-by-case basis in response to a pattern of frivolous litigation. *See id.* Furthermore, the right is not violated by requiring a civil litigant to pay a filing fee, unless the litigant's inability to pay the fee would prevent him from advancing a matter in which some constitutionally recognized fundamental interest is implicated. *See United States v. Kras*, 409 U.S. 434 (1973) (reversing waiver of prepayment of filing fee in bankruptcy action); *Ortwein v. Schwab*, 410 U.S. 656 (1973) (approving refusal to waive filing fee for action

to challenge reduction of welfare benefits); *cf. M.L.B. v. S.L.J.*, 519 U.S. 102 (1996) (holding that a state may not condition appeals from the termination of a person's parental rights on the ability to pay record preparation fees); *Boddie v. Connecticut*, 401 U.S. 371 (1971) (mandating the waiver of filing fees for indigent persons seeking divorce). A litigant's right to initiate suit *in forma pauperis,* that is, without the prepayment of fees, in any civil matter which does not implicate a fundamental right, stems from a legislatively created privilege, not a constitutionally guaranteed right.[6]

██

¶ 7. The statutory scheme surrounding WIS. STAT. §§ 801.02(7)(d) and 814.29(1m)(c) takes into account an indigent inmate's right to advance litigation in support of a fundamental right by excluding from the definition of those "prisoners" to whom the provisions apply, any inmate who is seeking relief from, among other things, a sexually violent person commitment, a judgment terminating parental rights,

---

[6] This conclusion is in accord with the determinations of the federal circuits which have considered whether the federal three strikes counterpart, 28 U.S.C. § 1915(g), deprives litigants of meaningful access to the courts. Most of the federal cases have relied on the rationale that the federal three strikes provision does not prevent prisoners from filing civil actions; it merely prohibits them from enjoying *in forma pauperis* status. *See Rodriguez v. Cook*, 169 F.3d 1176, 1179–80 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998), *cert. dismissed*, 524 U.S. 978 (1998), *and petition for cert. filed* (U.S. Sept. 21, 1998) (No. 98–6127); *Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997). *But cf. Wilson v. Yaklich*, 148 F.3d 596, 605 (6th Cir. 1998) (concluding that inmate's right to access the courts was not violated because he had not shown that he would be barred from seeking relief in state court), *cert. denied*, 525 U.S. 1139 (1999).

a judgment of conviction or sentence of a court, or a mental commitment. *See* § 801.02(7)(a)2. Section 801.02(7)(d) also permits an indigent prisoner to file suit without the prepayment of the filing fee, even if he has filed three or more frivolous suits in the past, if he "is in imminent danger of serious physical injury." Therefore, Khan cannot successfully advance a facial challenge to the statute on the grounds that it bars all indigent inmates the right to vindicate their fundamental rights.[7]

██

¶ 8. Nor can Khan successfully advance an as-applied challenge on the issue of access to the courts. He has not alleged that he has any fundamental interest at stake in the present litigation, and we do not see any such interest present in this case. We conclude the legislature's decision not to extend the privilege of proceeding without the prepayment of fees to Khan, based on his status as a prisoner and his history of frivolous litigation, does not violate his constitutional right to court access.

## *Equal Protection*

██

¶ 9. Khan claims that, by singling out prisoners who have filed three or more frivolous lawsuits, the provisions of WIS. STAT. §§ 801.02(7)(d) and 814.29(1m)(c) violate his constitutional right to equal protection of the laws. *See* U.S. CONST. amend. XIV; WIS. CONST. art. I, § 1. Unless a legislative classification infringes upon a fundamental right or discriminates

---

[7] We do not decide what result would be proper for an as-applied challenge by an inmate seeking to litigate a fundamental right not specifically excluded from the definition of a prisoner.

against a suspect class, the principle of equal protection requires only that the classification bear a "rational relation to some legitimate end." *Romer v. Evans*, 517 U.S. 620, 631 (1996). For the reasons discussed above, Khan has not demonstrated that §§ 801.02(7)(d) and 814.29(1m)(c) burden his fundamental right to court access, or that he has any other fundamental interest, such as a family relationship, at stake in the present litigation. *See Kras*, 409 U.S. 434; *Ortwein*, 410 U.S. 656; *M.L.B.*, 519 U.S. 102; *Boddie*, 401 U.S. 371. Therefore, Khan's equal protection claims do not warrant strict scrutiny, and will be reviewed under the rational relation standard.

██

¶ 10. It is apparent that the state has a legitimate interest in deterring frivolous lawsuits and preserving judicial resources. *See, e.g., Schlup v. Delo*, 513 U.S. 298, 322–24 (1995). Distinguishing between prisoners and non-prisoners is a rational means of limiting frivolous litigation because it has been recognized that prisoners, as a group, have little incentive for refraining from suit, and account for a disproportionate amount of meritless litigation. *See Carson v. Johnson*, 112 F.3d 818, 822 (5th Cir. 1997) (citing *Roller v. Gunn*, 107 F.3d 227, 233–34 (4th Cir. 1997) and *Hampton v. Hobbs*, 106 F.3d 1281, 1286–87 (6th Cir. 1997)). Moreover, distinguishing prisoners who have filed three or more frivolous suits in the past from those who have not is rationally designed to target those prisoners who are most likely to be filing additional frivolous litigation. Finally, distinguishing between indigent prisoners with a history of frivolous litigation and those prisoners with a history of frivolous litigation who can afford to prepay the filing fee is rational because the latter group pays for some portion of the

judicial resources they are expending. In sum, while the classification drawn by the legislature may not be either the most all-encompassing or the most narrowly tailored response possible to the problem of frivolous litigation, it is certainly rational. We conclude that the three strikes provisions do not violate the equal protection clauses.

*Bills of Attainder*

¶ 11. Finally, Khan argues that the three strikes provisions constitute bills of attainder. Both the United States and Wisconsin constitutions prohibit the passage of bills of attainder. *See* U.S. CONST. art. I, § 9, cl. 3; WIS. CONST. art I, § 12. A bill of attainder is "a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial." *Selective Serv. Sys. v. Minnesota Pub. Interest Research Group*, 468 U.S. 841, 846–47 (1984). We conclude that WIS. STAT. §§ 801.02(7)(d) and 814.29(1m)(c) do not constitute bills of attainder because they do not specify any particular individuals, but rather apply to an entire group of prisoners who may or may not ever have the law applied to them. Furthermore, the statutes are procedural, rather than punitive, in nature.

## CONCLUSION

¶ 12. In sum, we conclude that WIS. STAT. §§ 801.02(7)(d) and 814.29(1m)(c) are constitutional as applied to Khan, and presume, as discussed above, that the provisions bar him from commencing this appeal without the prepayment of the filing fee. We therefore vacate the form order issued on October 4, 1999, which granted Khan leave to appeal without prepayment of

the fee. The appellant is directed to submit the $150 filing fee within thirty days of the date of this order. If he does not do so, the appeal shall be dismissed. The appeal shall be held in abeyance until that time.

*By the Court.*—Motion to rescind leave to commence action without prepayment of filing fee granted with directions.