In 2015, prisoner Emory G. Snell, Jr., filed a Superior Court complaint alleging that prison officials and employees improperly confiscated certain of his clothing, magazines, and books. Snell now appeals from a 2016 dismissal of his complaint for failure to effect service. We affirm.
At the outset of the case, an order entered declaring Snell indigent; the court entry fee was waived. Snell then sought an order allowing service on the Department of Correction defendants pursuant to G. L. c. 127, § 6, a statute that by its terms has no bearing on the costs of effecting service. A judge denied that motion but entered an alternative order that Snell could serve the defendants by first class mail and provide an affidavit as proof of service. Snell then moved for the Commonwealth to pay for service; a second judge denied this motion "for the reasons given in June 30, 2015 Memorandum to Plaintiff from Ms. Moschos," whom the record suggests was a prison official with knowledge of Snell's canteen account. The Moschos memorandum itself is not included in Snell's record appendix.
Snell then filed a motion repeating his request that the Commonwealth pay for service; on August 27, 2015, the second judge issued a memorandum of decision and order denying the motion. Snell did not include the memorandum of decision in his record appendix, but the docket reflects the second judge's order that "Snell must serve process on the defendants by first-class mail, and in accordance with 103 [Code Mass. Regs. §] 481.10 [2002], 'free Postage for Indigent Inmates.' "[3] Snell does not appear to have attempted service as ordered but instead filed multiple subsequent motions reiterating his request for funds to pay a process server. Those subsequent motions were denied, and a judgment entered on September 14, 2016, dismissing Snell's complaint for failure to make service as required.
We are not persuaded that the second judge abused her discretion in dismissing Snell's complaint. Shuman v. Stanley Works, 30 Mass. App. Ct. 951, 952-953 (1991). The record does not reflect that Snell served the summons and the complaint upon the defendants. Snell's proffered excuse for that failure was that the service method ordered was "incompatible with due process, insofar as, the number of Defendants as well as, size of document package would require more than (6) months to complete service" per the regulation cited by the second judge. The record does not reflect that Snell requested additional time to effect service, nor does it show that the asserted delay in service would violate due process.
It is unclear why the judges denied Snell's various requests under G. L. c. 261, § 27C, for Commonwealth payment of funds for service of process, and instead ordered an alternative means of service. But this lack of clarity is due to Snell's failure to include in his record appendix several documents bearing on this question, such as the Moschos memorandum and the second judge's August 27, 2015, memorandum of decision.[4] These omissions prevent us from concluding that such orders were an abuse of discretion. It is "a fundamental and long-standing rule of appellate civil practice" that the appellant has an obligation "to include in the appendix those parts of the [record that] are essential for review of the issues raised on appeal." Shawmut Community Bank, N.A. v. Zagami, 30 Mass. App. Ct. 371, 372-373 (1991), S.C., 411 Mass. 807 (1992).
Contrary to Snell's assertions, his status as indigent is not at issue. As noted, an indigency order entered, and Snell's court costs were waived. Snell also was afforded a cost-free (to him) service method. On this record we see no abuse of discretion in the second judge's implicit conclusion that such service afforded Snell "adequate, effective, and meaningful" access to the courts "when viewed as a whole." Cacicio v. Secretary of Pub. Safety, 422 Mass. 764, 773 (1996). See Longval v. Superior Ct. Dept. of the Trial Ct., 434 Mass. 718, 723 (2001) (prisoner's right of "free access to the courts ... is not fundamental" and prisoners are not a "suspect class").
Judgment affirmed.

This regulation currently appears at 103 Code Mass. Regs. § 481.09 (2017).

The defendants' motion to strike certain other documents in Snell's record appendix (paper no. 22) is denied, as the defendants do not assert, nor can we readily ascertain, that those documents were not filed in the trial court. Snell's motion to strike documents in the addendum to the defendants' brief (paper no. 25) is also denied; we view those documents, along with the discussion in the defendants' brief, as a request that we take judicial notice of records in related cases. See Jarosz v. Palmer, 436 Mass. 526, 530 (2002). In any event, none of the documents sought to be stricken by the parties has played any role in our decision.