Hunt *v.* Appeals Court.

# Victor J. Hunt *vs.* Appeals Court.

Suffolk. February 10, 2005. - June 6, 2005.

Present: Marshall, C.J., Greaney, Ireland, Spina, Cowin, Sosman, & Cordy, JJ.

*Supreme Judicial Court,* Superintendence of inferior courts. *Appeals Court,* Appeal from order of single justice. *Practice, Civil,* Appeal.

A petitioner improperly sought relief from a single justice of this court pursuant to G. L. c. 211, § 3, from three orders of single justices of the Appeals Court reducing (but not waiving) the appellate docketing fee for three civil appeals that the petitioner sought to have entered in the Appeals Court, where the petitioner had an adequate alternative to a G. L. c. 211, § 3, petition, namely, an appeal to a panel of the Appeals Court from the orders of the single justices of that court. [462-466]

Civil action commenced in the Supreme Judicial Court for the county of Suffolk on July 21, 2004.

The case was reported by *Spina,* J.

The case was submitted on briefs.

*Ginny Sinkel,* Assistant Attorney General, for the defendant.

*Victor J. Hunt,* pro se.

Cowin, J. This case is before us on a reservation and report by a single justice of this court. The petitioner, Victor J. Hunt, sought relief in the county court pursuant to G. L. c. 211, § 3, from three orders of single justices of the Appeals Court reducing (but not waiving) the appellate docketing fees for three civil appeals that Hunt sought to have entered in the Appeals Court. Hunt requested waivers of the fees on the ground that he is indigent. The main issue before us is whether Hunt properly sought review of the rulings of the Appeals Court single justices from a single justice of this court, pursuant to G. L. c. 211, § 3; or whether in these circumstances he could have appealed from those rulings to a panel of the Appeals Court. We hold that Hunt could have appealed to the Appeals Court, and we therefore deny relief under G. L. c. 211, § 3.

*Background.* In April, 2002, Hunt appealed to a single justice of the Appeals Court, pursuant to G. L. c. 231, § 6G, from the denial of a "motion for costs and compensation" by a Superior Court judge. A single justice of the Appeals Court dismissed that appeal. Hunt then attempted to appeal the single justice's ruling to a panel of the Appeals Court, see *Danger Records, Inc.* v. *Berger, ante* 1, 7 (2005); *Bartlett* v. *Greyhound Real Estate Fin. Co.*, 41 Mass. App. Ct. 282, 283 (1996), and filed a timely notice of appeal. Claiming to be indigent, he also sought a waiver of the docketing fee for the appeal to the panel. See G. L. c. 261, §§ 27A-27G; Mass. R. A. P. 10 (a) (1), as amended, 435 Mass. 1601 (2001); Mass. R. A. P. 12 (a), 365 Mass. 857 (1974). A single justice of the Appeals Court declined to waive the fee, but ordered instead that the appeal be docketed on payment of a reduced fee of $29.

In May, 2002, Hunt filed a second request in the Appeals Court for waiver of an appellate docketing fee, this time in connection with his appeal from a final judgment that was entered against him in the underlying Superior Court action. The same single justice of the Appeals Court who ruled on Hunt's first request also declined to waive the fee for this second appeal. As with Hunt's first request, the single justice ordered that the appeal be docketed on payment of a reduced fee of $29.

Hunt then timely filed a notice of appeal (to a panel of the Appeals Court) from the single justice's rulings on his two fee waiver requests. However, the Appeals Court single justice issued an order that "no action" be taken on this appeal, stating that "G. L. c. 261, § 27D, does not provide for a right of appeal from the denial by a single justice of a motion to waive the entry fee."[1]

In May, 2002, Hunt filed in the Appeals Court a notice of appeal that, in essence, duplicated his earlier notice requesting review from an Appeals Court single justice, pursuant to G. L. c. 231, § 6G, of the denial of his "motion for costs and compensation." After the single justice denied Hunt relief, he

---

[1]Hunt had also filed an earlier petition in the county court pursuant to G. L. c. 211, § 3, seeking relief from the rulings by the single justice of the Appeals Court on his fee waiver requests. That petition was denied and this court affirmed the judgment of the single justice. *Hunt* v. *Appeals Court*, 441 Mass. 1011 (2004).

again sought review by a panel of the Appeals Court, and again sought a waiver of the entry fee for this third appeal. Another single justice of that court set a reduced entry fee of $36 for this appeal and a deadline some two weeks later for its payment. Hunt did not pay the reduced fee and took no steps to prosecute this appeal for some eleven months. He then filed a motion captioned "motion for reassessment of filing fees." That motion was determined by a single justice not to require action because the case had been closed as the result of Hunt's failure timely to comply with the entry fee order or seek relief from it.

Finally, Hunt filed in the county court the petition pursuant to G. L. c. 211, § 3, that is now before us. In it he sought review of the three orders by the single justices of the Appeals Court establishing the docketing fees for his various appeals, and the order of the Appeals Court single justice stating that "no action" was to be taken on his appeals from the first two of those rulings. Hunt claimed in his petition, among other things, that the reduced docketing fees established by the single justices were excessive. As stated above, a single justice of this court reserved and reported the matter. We need not, and therefore do not, reach the substantive merits of Hunt's claims because we conclude that he had an adequate alternative remedy, namely an appeal to a panel of the Appeals Court from the orders of the single justices of the Appeals Court.

*Discussion.* General Laws c. 261, §§ 27A-27G, govern requests by indigent individuals for, among other things, the waiver of certain costs and fees incident to civil and criminal litigation, including court filing fees for civil cases and the fees for docketing civil appeals. Section 27B provides, in relevant part, that "[u]pon or after commencing or answering to any civil, criminal or juvenile proceeding or appeal in any court . . . any party may file with the clerk an affidavit of indigency and request for waiver, substitution or payment" of the fees. Section 27C sets forth a procedure for processing fee waiver requests. Section 27D governs the appeal process in "any case where the court denies a request for waiver, substitution or payment by the commonwealth of fees and costs, pursuant to [§ 27C] or any other provision of law." The appellate route prescribed by

§ 27D depends on the court in which the request is made: if the matter arises in the District Court, the statute specifies that the aggrieved litigant can appeal to the Appellate Division of the District Court; if the matter arises in the Juvenile Court, the statute directs the appeal to a judge in the Superior Court; and if the request for fees is made and denied in the Superior Court, Land Court, Probate and Family Court, or Housing Court, the statute states that the appeal lies before a single justice of the Appeals Court. However, the statute is silent on the route by which a litigant aggrieved by the denial, by a single justice of an appellate court, of a request for a waiver of fees in the first instance — e.g., an appellate docketing fee — may obtain review of such orders.[2]

The Appeals Court single justice who ordered that "no action" be taken on Hunt's first two appeals was correct when he observed that the statute is silent as to the appellate route in the circumstances here, where a single justice of an appellate court acts on a fee waiver request in the first instance. That is not to say, however, that there can be no appeal. When a fee waiver request is acted on in the first instance by a single justice of an appellate court, the provisions of the statute are to be read in conjunction with the Massachusetts Rules of Appellate Procedure. We are of the view that the rules and the statute, considered together, suggest an appropriate appellate remedy in these circumstances, namely, an appeal as a matter of right to a panel (in the case of the Appeals Court) or a quorum (in the case of this court) of the court on which the single justice sits. As explained below, our conclusion on this point is supported not only by the wording of the applicable rules, but also by

---

[2]The single justice orders at issue in this case were rulings on fee waiver requests that were made in the first instance in an appellate court. Nothing we decide today changes the well-settled principle, stated in the final sentence of G. L. c. 261, § 27D, that where a request for costs or fees is made and denied in a trial court and thereafter reviewed on appeal as provided in § 27D, the decision of the reviewing judge or court "shall be final with respect to such request." See *Hurley* v. *Superior Court Dep't of the Trial Court,* 424 Mass. 1008, 1009 (1997), and cases cited. Thus, for example, if a request is made and denied in the Superior Court and thereafter reviewed on appeal by a single justice of the Appeals Court pursuant to G. L. c. 261, § 27D, the decision of the single justice is *not* appealable to a panel of the Appeals Court.

considerations of uniformity and efficiency in the administration of justice in the appellate courts.

Rules 10 and 12 (a) contemplate that an appellant in a civil case may obtain a waiver of the docketing fee for the appeal.[3] A request for a waiver of the docketing fee would be made by motion — i.e., whether framed as a request under G. L. c. 261, §§ 27A-27G, or as a motion under rule 12, the request for a fee waiver comprises "an application for an order or other relief," Mass. R. A. P. 15 (a), 365 Mass. 859 (1974), and therefore would be treated as a motion for purposes of the rules. Pursuant to Mass. R. A. P. 15 (c), 365 Mass. 859 (1974), the ruling of a single justice on a motion such as this would be reviewable on appeal by the appellate court. See *Kordis* v. *Appeals Court*, 434 Mass. 662, 664-665 (2001) (discussing rule 15 [c] and concluding that review of order on motion for impoundment issued in first instance by Appeals Court single justice is, by way of appeal, to panel of Appeals Court).[4]

Applying the rules of appellate procedure as a guide to determining fee waiver requests made in the first instance in an

---

[3]Rule 10 (a) (1) of the Massachusetts Rules of Appellate Procedure, as amended, 435 Mass. 1601 (2001), requires an appellant to pay "the docket fee fixed by law," but requires the clerk of the court to enter the appeal without the fee if the "appellant is authorized to prosecute the appeal without prepayment of fees." Under Mass. R. A. P. 12 (a), 365 Mass. 857 (1974), a lower court or a single justice of an appellate court may authorize an appellant to prosecute his or her appeal "in forma pauperis," i.e., "as a poor man: relieved of fees and costs because of inability to pay." Webster's Third New Int'l Dictionary 1160 (1993).

Appeals to the Appeals Court from rulings of its single justices, and appeals to this court from decisions of our single justices, are governed by the Massachusetts Rules of Appellate Procedure. See Mass. R. A. P. 1 (a), as appearing in 378 Mass. 925 (1979); Mass. R. A. P. 1 (c), as amended, 430 Mass. 1602 (1999) ("lower court").

[4]It is irrelevant that the request for waiver of the docketing fee might be classified as a "motion[] for procedural order[]" within the meaning of Mass. R. A. P. 15 (b), 365 Mass. 859 (1974). Rule 15 (b) provides that a party who is adversely affected by action taken by the court on a motion for a procedural order before the party had the usual opportunity to be heard in opposition (see Mass. R. A. P. 15 [a], 365 Mass. 859 [1974]), shall have an opportunity to seek "reconsideration, vacation, or modification" of the action taken. Rule 15 (b) does not create a class of single justice rulings exempted from panel review under Mass. R. A. P. 15 (c), 365 Mass. 859 (1974). It merely provides another form of remedy when (typically in the case of routine procedural motions) the usual timing requirements of rule 15 (a) are not applied.

appellate court in the manner prescribed herein does no violence to the statutory scheme governing such requests. It does, however, promote the significant interests of uniformity and efficiency in the administration of justice. See *Kordis* v. *Appeals Court, supra* at 667. See also *Zullo* v. *Goguen,* 423 Mass. 679, 681-682 (1996) (establishing uniform appellate route for appeals from G. L. c. 209A orders); *Department of Revenue* v. *Jarvenpaa,* 404 Mass. 177, 180-181 (1989) (establishing uniform appellate route for appeals in G. L. c. 209C cases; and noting that "[u]niformity of treatment of litigants and the development of a consistent body of law will be encouraged" by such approach). Therefore, when a request for waiver of the fee for docketing an appeal in the Appeals Court is denied by a single justice of the Appeals Court, the single justice's ruling is appealable to a panel of the Appeals Court; and when a request for waiver of the docketing fee for an appeal in this court is denied by a single justice of this court, the single justice's ruling is appealable to a quorum of this court.

In *Katz* v. *Savitsky,* 10 Mass. App. Ct. 792 (1980), when faced with circumstances substantially parallel to those presented here, the Appeals Court reached a result quite similar to the result we reach today. The Appeals Court held that an appeal was available to a panel of that court from the action of a single justice of that court on a matter that was before him under G. L. c. 231, § 6G, inserted by St. 1976, c. 233, § 1. The court so held despite the silence of § 6G on the matter, and despite the fact that § 6G, as it was then written, like G. L. c. 261, § 27D, here, provided an express appellate remedy in other situations. The Appeals Court concluded in the *Katz* case that principles of sound judicial administration dictated the conclusion that Appeals Court single justice rulings on such appeals should be reviewed by a panel of the Appeals Court. *Id.* at 794-795. In reaching its conclusion, the Appeals Court noted that "[t]he panels of this court are quite capable of eradicating the sins of our single justices . . . and it would hardly serve the purpose for which this court was created for us to throw the orders entered by our single justices under G. L. c. 231, § 6G,

into the Supreme Judicial Court" (citations omitted). *Id.* at 795.[5]

The principle enunciated in *Katz* v. *Savitsky, supra,* and the provisions of the rules discussed *supra,* suggest that the appropriate body to review single justice orders on fee waiver requests is a panel or quorum of the appellate court in which the request is first made. No interest would be advanced by creating two distinct appellate remedies to address orders on fee waiver requests depending on the rubric under which the request is presented or the court in which the request is first made. See *Kordis* v. *Appeals Court, supra.* See also *Maza* v. *Commonwealth,* 423 Mass. 1006 (1996), and cases cited.

*Conclusion.* We therefore determine that Hunt in fact had an adequate alternative to a G. L. c. 211, § 3, petition, namely an appeal to a panel of the Appeals Court from the orders of the single justices of that court. The case is remanded to the county court for entry of a judgment denying Hunt's petition.[6]

*So ordered.*

---

[5]We recently reaffirmed the principles of *Katz* v. *Savitsky,* 10 Mass. App. Ct. 792 (1980), and *Bartlett* v. *Greyhound Real Estate Fin. Co.,* 41 Mass. App. Ct. 282 (1996), regarding the availability and the scope of appeals to a panel of the Appeals Court from decisions of its single justices pursuant to G. L. c. 231, § 6G. See *Danger Records, Inc.* v. *Berger, ante* 1, 9-13 (2005).

[6]We recognize that, prior to our decision today, the pathway to appellate review of these types of orders was less than well lit. Accordingly, Hunt should now be provided the opportunity, if he so chooses, to pursue his appeals from the single justice orders establishing the reduced entry fees. We imply no view on the substantive merits of Hunt's contention that the fees established by the single justices were excessive (or with respect to any of Hunt's claims in his various underlying appeals). We trust that the Appeals Court will address that contention in due course, if and when Hunt perfects his appeals from the orders establishing the entry fees in question by filing an appropriate request that his appeals be entered in that court.