## Commonwealth *vs.* James Clark.

No. 05-P-1290.

Middlesex. June 14, 2006. - December 18, 2006.

Present: Laurence, Gelinas, & Cohen, JJ.

*Notice,* Timeliness. *Practice, Civil,* Dismissal of appeal.

This court dismissed as not properly before it the appeal of an individual (adjudicated a sexually dangerous person) who sought waiver of the entry fee for his appeal on the ground of indigency, where the individual failed to file his motion for reconsideration of the denial of the fee waiver before the statutory period had expired. [833-834]

Civil action commenced in the Superior Court Department on August 15, 2000.

The case was heard by *Margaret R. Hinkle,* J.

A motion to waive the entry fee for appeal was considered in the Appeals Court by *Greenberg,* J.

*David Hirsch,* Committee for Public Counsel Services, for the defendant.

*Lillian Cheng,* Assistant District Attorney (*Lisa J. Jacobs,* Assistant District Attorney, with her) for the Commonwealth.

Laurence, J. Having been adjudicated a sexually dangerous person (SDP) following a Superior Court jury trial in February, 2001, appellant James Clark (presently committed at the Massachusetts Treatment Center) filed a notice of appeal to this court on August 15, 2005, accompanied by a motion, pursuant to G. L. c. 261, §§ 27A and 27B, for waiver of the entry fee of $300 (see G. L. c. 262, § 4) on the ground of his alleged indigency. Pursuant to the procedures set forth in G. L. c. 261, § 29, his inmate account was obtained, showing a six-month average combined balance of $1,430.01, of which he was required (as determined according to G. L. c. 261, § 29[*d*][1]) to pay twenty per cent, or

approximately $286, in partial payment of the filing fee. Accordingly, on August 18, 2005, a single justice of this court denied Clark's motion to waive the entry fee.

On August 31, 2005, Clark filed a "motion and memorandum in support of reconsideration" of the single justice's August 18, 2005, denial, arguing (for the first time) that the statutory scheme was inapplicable to him as an SDP who, he asserted, was indigent and, in any event, unconstitutionally denied him due process and equal protection. That motion was denied by the single justice on September 6, 2005. On September 9, 2005, Clark filed a "notice of appeal" from the single justice's September 6, 2005, denial of his motion for reconsideration.

We need not discuss the merits of Clark's statutory and constitutional arguments, however, because his appeal is not properly before us.[1] When his motion for waiver of the entry (or docketing) fee was denied on August 18, 2005, the single justice's denial was appealable to a panel of this court. *Hunt* v. *Appeals Court*, 444 Mass. 460, 465 (2005).[2] General Laws c. 261, § 27D, as appearing in St. 1992, c. 133, § 563, provides (in pertinent part) that, "[u]pon being notified of the denial [of a request for fee waiver,] the applicant . . . shall have seven days thereafter to file a notice of appeal . . . ." Even granting Clark the three days' grace afforded by Mass.R.Civ.P. 6(d), 365 Mass. 747 (1974),[3] such a notice of appeal had to be filed no later than August 29, 2005. No such timely notice of appeal was filed by Clark. An explicit statutory appeal period cannot be extended in the court's discretion, nor even by contrary rule of court; failing timely to file in such circumstances, for whatever reason, must result in dismissal of the appeal. See *Friedman* v. *Board of Registration in Med.*, 414 Mass. 663, 665-666 (1993), and cases cited. The fact that Clark may have been proceeding

[1]Notwithstanding his failure to obtain a waiver of the entry fee, Clark also failed to pay any portion of it. Thus, his "appeal" from the underlying adjudication of sexual dangerousness has never actually been docketed in this court. We do not rely on this procedural failing, however, given the more basic defect discussed *infra*.

[2]*Hunt* was decided over two months before Clark filed his motion.

[3]The Massachusetts Rules of Civil Procedure govern single justice proceedings. Mass.R.Civ.P. 1, as appearing in 423 Mass. 1404 (1996).

pro se at the time[4] is irrelevant; a pro se litigant is bound by the same legal requirements as one represented by counsel. *Id.* at 666.

There was, thus, no pending appeal, much less any outstanding ruling, to which Clark's August 31, 2005, motion for reconsideration could relate or attach; it was, as a procedural matter, a nullity, as was, effectively as of that date for appeal purposes, the single justice's August 18 order. See *Commonwealth* v. *George*, 25 Mass. App. Ct. 1001, 1002 (1988), *S.C.*, 404 Mass. 1002 (1989).[5] The filing of a motion for reconsideration *after* a statutory appeal period has expired can have no revivifying effect on a defunct appeal. See *Commonwealth* v. *Hernandez*, 441 Mass. 1014, 1015 (2004); *Commonwealth* v. *Rodriguez*, 443 Mass. 707, 708-709 (2005); *Curly Customs, Inc.* v. *Pioneer Financial*, 62 Mass. App. Ct. 92, 97 (2004). Although a judge ordinarily has discretion to reconsider a prior order upon an appropriate motion for reconsideration (i.e., one that is not a mere rehash of prior arguments), it is a precondition that "the request [be] made within a reasonable time." *Commonwealth* v. *Gonsalves*, 437 Mass. 1022, 1022 (2002). It should be axiomatic that such a motion filed after the statutory appeal period has expired cannot be deemed to have been made within a reasonable time.[6]

*Appeal dismissed.*

[4]The record does not indicate when Clark's present counsel began representing him.

[5]As to Clark's due process rights in such circumstances, see *Commonwealth* v. *Cowie*, 404 Mass. 119, 122-123 (1989).

[6]Although not essential to our disposition on the instant facts, we make the following observations for future guidance in similar situations. First, it would have been well within the discretion of the single justice to reject even a timely-filed motion for reconsideration, based upon Clark's failure to submit the materials and arguments included in that motion (none of them in fact "newly discovered" or otherwise previously unavailable) with his first motion, see *Bendetson* v. *Building Inspector of Revere*, 36 Mass. App. Ct. 615, 621 (1994); *Clamp-All Corp.* v. *Foresta*, 53 Mass. App. Ct. 795, 808 (2002). Second, the arguments in Clark's motion for reconsideration were predicated on his asserted "indigency," which status he never actually established and which appears to be contrary to the definitions of "indigent" and "inmate" in G. L. c. 261, § 27A (taken together with G. L. c. 261, § 29). Third, Clark's argument that G. L. c. 261, § 29(*c*), "limits" the scope of the G. L. c. 261,

§ 29(*a*), to "actions arising out of or resulting from a condition of or occurrence during confinement" ignores the fact that § 29(*c*) is neither exclusionary nor comprehensive but merely "includes" such actions and does not make the statutory scheme inapplicable to persons committed under G. L. c. 123A (who are expressly included in any event by virtue of the definition of "inmate" in G. L. c. 261, § 27A). Fourth, the constitutionality of the statutory provisions at issue has already been upheld in *Longval* v. *Superior Ct. Dept. of the Trial Ct.*, 434 Mass. 718, 721-723 (2001). Fifth, *Burns* v. *Ohio*, 360 U.S. 252, 257-258 (1959), relied on by Clark, is inapposite, because, inter alia, the required fee there actually deprived the defendant of access to the court (unlike Clark, who is financially able to cover the reduced entry fee). Finally, *Rinaldi* v. *Yeager*, 384 U.S. 305, 308-311 (1966), also relied on by Clark, is similarly unavailing, because, unlike the New Jersey statute in *Rinaldi*, the challenged filing fee system here — modeled on the Federal Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915, which has survived constitutional challenge — has a rational basis, given the dual legitimate legislative concerns (recognized in *Longval*) of screening out frivolous claims without unconstitutionally burdening inmates' access to the courts.