NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReportersjc.state.ma.us

SJC-12773


JOSÉ L. NEGRÓN  vs.  COMMISSIONER OF CORRECTION.


January 13, 2020.


Supreme Judicial Court, Superintendence of inferior courts.
    Indigent.  Practice, Civil, Costs.


     José L. Negrón appeals from a judgment of the county court
denying, without a hearing, his petition for relief under G. L.
c. 211, § 3.  We affirm.

     Negrón is the plaintiff in a civil action pending in the
Superior Court in which he is challenging certain regulations of
the Department of Correction.[1]  A judge in the Superior Court
determined that Negrón was indigent and waived the filing fee
for the Superior Court action, but denied his motion to make
service of process on the defendants via regular mail; the judge
ordered him to make service on all defendants by certified mail
at his own expense and to return the green receipt card for each
defendant.  The judge also denied Negrón's subsequent motion for
reconsideration.

     Negrón then sought review from a single justice of the
Appeals Court of the judge's order requiring service of process
by certified mail, and he requested a waiver of the Appeals
Court's filing fee for his single justice petition.  A single
justice of the Appeals Court, after reviewing Negrón's affidavit
of indigency and other information provided pursuant to G. L.

---

[1] The Superior Court case originated as a G. L. c. 211, § 3,
petition filed by Negrón in the county court.  A single justice
-- not the one who denied relief in the instant case -- ordered
that the matter be transferred to the Superior Court.  That
petition is not before us.

c. 261, § 29, ordered that Negrón pay a significantly reduced filing fee for his petition.  Negrón's motion for reconsideration of this order was denied, as was his motion for leave to appeal from the denial of reconsideration.  Contending that the reduced amount was nonetheless too high, Negrón then filed the instant G. L. c. 211, § 3, petition.  A single justice of this court denied all relief without a hearing.[2]

The case is before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires a party challenging an interlocutory ruling of the trial court to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means."[3]  Negrón has not done so.  To the extent that he is challenging the underlying interlocutory ruling of the Superior Court requiring him to make service by certified mail, his remedy lies with a single justice of the Appeals Court, and indeed, as described supra, he is pursuing such a remedy.[4]  To the extent that he is challenging the ruling of the single justice of the Appeals Court requiring

_____

[2] Action on the petition before the Appeals Court single justice, i.e., the request for review of the Superior Court order requiring service of process by certified mail, has been stayed.

[3] Negrón's papers in this court are styled as an "application for further appellate review" and a "further appellate review brief."  Further appellate review is inapplicable here, however, where he is appealing from a judgment of the county court rather than seeking further review after a decision of an Appeals Court panel.  We treat his papers as a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001).

[4] Negrón's filing with the single justice of the Appeals Court was entered in that court as a petition pursuant to G. L. c. 231, § 118, first par., for which there is a filing fee of $315.  G. L. c. 262, §§ 4 and 4C.  Had it been treated as an appeal pursuant to G. L. c. 261, § 27D, from the Superior Court's denial of a request by an indigent party for payment by the Commonwealth of the certified mail fees, see G. L. c. 261, §§ 27A-27G, there would have been no Appeals Court filing fee.  See http://www.mass.gov/service-details/single-justice-practice[hettps://perma.cc/35XX-KC3B].  The Appeals Court or its single justice should ensure that the filing was correctly characterized.  We express no view as to that.

him to pay a reduced filing fee in connection with his petition in that court, rule 2:21 does not apply.  Nonetheless, it is clear that Negrón has an adequate remedy in the ordinary appellate process from the single justice's ruling, "namely an appeal to a panel of the Appeals Court from the order[] of the single justice[] of the Appeals Court" declining to waive the fee outright or to reduce it further.[5]  See Hunt v. Appeals Court, 444 Mass. 460, 463 (2005) (litigant aggrieved by order of Appeals Court single justice refusing to waive or reduce filing fee has right to appeal single justice's order to panel of Appeals Court).

Because Negrón has these remedies in the ordinary appellate process, the single justice did not err or abuse her discretion by denying extraordinary relief.

Judgment affirmed.

The case was submitted on the papers filed, accompanied by a memorandum of law.
José L. Negrón, pro se.

_____

[5] As the single justice of the Appeals Court issued his order in March 2019, it is not too late for Negrón to move in the Appeals Court for an enlargement of time to file a notice of appeal.  See Mass. R. A. P. 14 (b), as amended, 378 Mass. 939 (1979) (enlargement of time to file notice of appeal limited to "one year from the date of entry of the . . . order sought to be reviewed").  If that motion is allowed, he may then proceed with an appeal to a panel of the single justice's order on the Appeals Court filing fee.