NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

24-P-107                                          Appeals Court

FREDERICK PERRY  vs.  WELLPATH, LLC.

No. 24-P-107.

Suffolk.    December 18, 2025. - February 17, 2026.

Present:  Henry, Sacks, & Tan, JJ.


Indigent.  Witness, Expert.  Appeals Court, Appeal from order of
    single justice.  Practice, Civil, Appeal, Costs, Review of
    interlocutory action.


Civil action commenced in the Superior Court Department on
April 6, 2022.

A motion for extra fees and costs to hire an expert witness
was heard by Jackie A. Cowin, J.

A motion to waive the entry fee for an appeal was
considered in the Appeals Court by D'Angelo, J., and a motion
for reconsideration was also considered by him.


    Frederick Perry, pro se.
    Mary A. Azzarito for the defendant.


    HENRY, J.  The plaintiff, Frederick Perry, appeals from a

single justice order requiring him to pay a reduced appellate

entry fee to pursue his petition under G. L. c. 231, § 118,

first par., seeking interlocutory review of a Superior Court order denying his motion for extra fees and costs to hire an expert witness pursuant to G. L. c. 261, § 27B. The plaintiff contends that the single justice erroneously relied upon G. L. c. 261, § 29, when ordering the reduced entry fee. We agree. We reverse the order of the single justice requiring the payment of a partial entry fee and remand the matter to the single justice for further proceedings on the merits of the plaintiff's challenge to the Superior Court order denying his motion for extra fees and costs to hire an expert witness pursuant to G. L. c. 261, § 27B.

Background. The plaintiff is an inmate at the Massachusetts Correctional Institution, Norfolk (MCI-Norfolk), who filed an action in the Superior Court against Wellpath, LLC (Wellpath), a healthcare provider for inmates committed to the custody and care of the Department of Correction. The plaintiff's complaint alleged that Wellpath delayed diagnosing and treating his serious medical condition and did not dispense a prescribed medication after the plaintiff had coronary artery bypass surgery.

In the underlying action, the plaintiff filed a motion seeking $8,000 in fees to hire a cardiologist as an expert witness, along with an affidavit of indigency. The Superior Court judge denied the motion by writing in the margin,

"7/21/23.  Upon consideration, motion DENIED."  The Superior Court docket similarly states the motion was denied.

The plaintiff sought interlocutory relief from a single justice of this court pursuant to G. L. c. 231, § 118, first par.  The plaintiff moved to waive the required appellate entry fees[1] and submitted a supporting affidavit of indigency.  This court required the Commissioner of Correction or a designee to file "a copy of a current account statement of the inmate's account and a copy of the inmate's activity sheet for the preceding six months."  G. L. c. 261, § 29 (a).  The single justice considered the plaintiff's inmate account information and ordered the plaintiff to pay a reduced entry fee of $73.66.  The plaintiff filed a motion for reconsideration, which the single justice effectively denied.  This appeal from that order followed.

Discussion.  As an initial matter, both parties' briefs primarily argue the merits of the plaintiff's underlying G. L. c. 231, § 118, petition, but that issue is not properly before us.  Instead, we resolve the several procedural issues that are properly before us.

---

[1] The statutory entry fees to petition a single justice of this court are $315.  G. L. c. 262, §§ 4, 4C.

1. Appeal from the single justice fee order. Wellpath argues that the plaintiff could not appeal from the single justice's order setting the entry fee. However, the Supreme Judicial Court has held that "when a request for waiver of the fee for docketing an appeal in the Appeals Court is denied by a single justice of the Appeals Court, the single justice's ruling is appealable to a panel of the Appeals Court." Hunt v. Appeals Court, 444 Mass. 460, 465 (2005). The plaintiff's appeal from the single justice order is properly before us.

2. General Laws c. 261, § 29. The plaintiff argues that the single justice erred in applying G. L. c. 261, § 29, to the plaintiff's motion to waive the appellate entry fee. We agree.

We review an order of the single justice "for errors of law and, if none appear, for abuse of discretion." Troy Indus., Inc. v. Samson Mfg. Corp., 76 Mass. App. Ct. 575, 581 (2010). See Highland Tap of Boston, Inc. v. Boston, 26 Mass. App. Ct. 239, 240 (1988) (applicable standard is "whether the single justice abused [their] discretion by entering an order without having a supportable basis for doing so").

The waiver of court costs and fees for indigent parties is governed by G. L. c. 261, §§ 27A-27G, and, in certain actions filed by inmates, by G. L. c. 261, § 29. "Section 29 [of G. L. c. 261] requires an inmate who commences a civil action against a State or county agency, official, or employee and who

'requests a waiver of filing fees or court costs due to indigency pursuant to [G. L. c. 261, §] 27B,' to submit or cause to be submitted certain documentation to the court." Commonwealth v. De'Amicis, 450 Mass. 271, 274-275 (2007), quoting G. L. c. 261, § 29 (a). "Once all the required information is filed, '[t]he court shall order the inmate to pay, as a partial payment of any filing fees and court costs, 20 per cent of the preceding six months' average balance in the inmate's account and, thereafter, monthly payments of 10 per cent of the average monthly balance in the inmate's account, until all such fees are paid, provided that the payment amount to be drawn from the inmate's account is equal to or greater than $10.'"[2] De'Amicis, supra at 275, quoting G. L. c. 261, § 29 (d) (1). The purpose of § 29's requirements is to curb "frivolous prisoner litigation by instituting economic costs for prisoners wishing to file civil claims" (citation omitted). Longval v. Superior Court Dep't of the Trial Court, 434 Mass. 718, 719 (2001).

General Laws c. 261, § 29, applies to inmates suing "a state or county agency, official or employee" (emphasis added).

_____

[2] "The court must issue this order unless it 'finds that the inmate is incapable of making payments under such a plan or if the court determines, at any time, that such order imposes an undue administrative burden upon the court.'" De'Amicis, 450 Mass. at 275, quoting G. L. c. 261, § 29 (d) (2).

G. L. c. 261, § 29 (a).  See De'Amicis, 450 Mass. at 277.  Here, although the plaintiff is an inmate at MCI-Norfolk, because Wellpath is not "a state or county agency, official or employee,"[3] it was error for the single justice to apply § 29.

3. General Laws c. 261, § 27D.  Wellpath argues that any error by the single justice is harmless because of procedural missteps by the plaintiff.  We disagree.

Wellpath contends that the plaintiff's petition pursuant to G. L. c. 231, § 118, first par., was the wrong "avenue" for the plaintiff to obtain review and that the plaintiff's appellate path for review of the Superior Court order was limited to G. L. c. 261, § 27D.  Wellpath makes a technical point that is unavailing.  The Supreme Judicial Court has removed this trap for the unwary so that an indigent party's rights are not lost on a technicality.  Specifically, the Supreme Judicial Court has held that the Appeals Court or its single justice should review the substance of a petition pursuant to G. L. c. 231, § 118, first par., and, where appropriate, treat the petition as an appeal under G. L. c. 261, § 27D, for which there is no filing fee.[4]  See Negrón v. Commissioner of Correction, 483 Mass. 1034,

_____

[3] Wellpath concedes the point.  We appreciate Wellpath's candor.

[4] If the single justice of the Appeals Court treats the G. L. c. 231, § 118, first par., petition as a notice of appeal to a single justice pursuant to G. L. c. 261, § 27D, the clerk's

1034 n.4 (2020). See also De'Amicis, 450 Mass. at 279 ("regardless of how the petitioner characterizes his appeal [from the denial of a waiver of costs or fees], . . . his request is governed by G. L. c. 261, §§ 27A-27G" [citation omitted]).

To the extent that Wellpath argues that the plaintiff's attempt to obtain review of the Superior Court order was not filed within the seven-day time limit of G. L. c. 261, § 27D, that argument also fails, because the Superior Court's order did not comply with the relevant requirement of G. L. c. 261, § 27D. That statute provides that "[u]pon being notified of the denial the applicant shall also be advised of his right of appeal, and he shall have seven days thereafter to file a notice of appeal with the clerk or register" (emphases added). Nothing in the record indicates that the plaintiff was advised of his right to appeal, let alone that any appeal must be filed within seven days.[5] By the plain language of G. L. c. 261, § 27D, the seven-

---

office would need to transmit the notice of appeal to the trial court to trigger the findings required by § 27D and to allow the clerk of the lower court to prepare and transmit to the Appeals Court a copy of those findings and the other "documents on file relevant to the appeal." G. L. c. 261, § 27D.

[5] Clerks' offices may wish to consider whether to include a form notice of appeal rights whenever notice is sent to a party of a decision denying a request for waiver, substitution or payment by the Commonwealth of fees and costs, including orders issued pursuant to G. L. c. 261, § 29, that do not waive the fee entirely. Section 27D's appeal provisions apply not only to

day appeal period commences upon notice to the applicant (in this case, the plaintiff) of his right to appeal, and here that never occurred.  See Commonwealth v. Zimmerman, 441 Mass. 146, 152 (2004) (indigent defendant's right to appeal denial of funds to hire expert witness pursuant to G. L. c. 261, § 27B, was "not waived . . . because the motion judge did not advise [the defendant] of his right to take an interlocutory appeal, as she was required to do under G. L. c. 261, § 27D"); Commonwealth v. Lockley, 381 Mass. 156, 159-160 (1980) (excusing appellant's noncompliance with § 27D's appellate procedure, where trial court judge had not informed appellant of his § 27D appellate rights).

Conclusion.  The order of the single justice dated November 30, 2023, allowing his August 29, 2023 payment order to stand, is reversed, and a new order shall enter allowing the plaintiff's motion to waive the entry fee.  The matter is remanded to the single justice for further proceedings on the merits of the plaintiff's challenge to the Superior Court order

---

denials under G. L. c. 261, § 27C, but also "[i]n any case where the court denies [such a request] pursuant to . . . any other provision of law," which would include § 29.

denying his motion for extra fees and costs to hire an expert witness pursuant to G. L. c. 261, § 27B.[6]

                                        So ordered.

---

[6] We understand that after the single justice order underlying this appeal issued, the Superior Court dismissed Perry's complaint and there is a separate appeal of that dismissal pending. The single justice has discretion to stay this matter pending disposition of the plaintiff's appeal from the order dismissing the underlying action.