NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1230

J.C.

vs.

J.C.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from orders of a District Court judge (motion judge) denying his motion to terminate a G. L. c. 209A abuse prevention order (order) issued against him in favor of the plaintiff and denying his motion for reconsideration.  We affirm.

Background.  The procedural history of this matter, which extends back to 2013, is not disputed.  We summarize the relevant facts as set forth in the motion judge's detailed findings and order on the motion to terminate.

The parties married in 2009 and filed for divorce in 2010, following the birth of their twin children.  A District Court judge first issued the order in 2013 while their divorce was

pending, based on the defendant's physical and verbal abuse of the plaintiff, his controlling behavior, and his quick temper. The judge also found that the defendant possessed a significant number of weapons, contributing to the plaintiff's fear. One year later the order was extended for five years, and in 2019 it was made permanent, both times after two-party evidentiary hearings.

This appeal concerns the denial of the defendant's sixth motion to terminate the order, filed in 2023. Following an evidentiary hearing, at which both parties were present, the motion judge denied the defendant's motion. The defendant timely filed a motion for reconsideration, which the motion judge also denied.

Discussion. 1. Motion to terminate. The crux of the defendant's argument on appeal is that as a result of several changes in circumstances, the plaintiff no longer has reason to fear him, and the order is no longer needed. In seeking to terminate the order, the defendant was required to show by clear and convincing evidence that, first, there had been "a significant change in circumstances since the order was issued"; and second, "under the totality of the circumstances, the plaintiff, without the protection of an order of abuse prevention, would no longer reasonably fear imminent serious physical harm from the defendant." MacDonald v. Caruso, 467

2

Mass. 382, 390-391 (2014). This standard is intentionally demanding.

> "Where a defendant has been found over an extended period of time to pose this level of danger to a plaintiff, we conclude that the risk of error should be on the side of the plaintiff and that something more than proof by a preponderance of the evidence is necessary to ensure the plaintiff's safety."

Id. at 390. The denial of a motion to terminate a permanent abuse prevention order is reviewed for an abuse of discretion. See id. at 383. "We therefore ask whether the judge made a clear error of judgment in weighing the factors relevant to the decision, such that the decision falls outside the range of reasonable alternatives" (quotations omitted). L.L. v. M.M., 95 Mass. App. Ct. 18, 22 (2019), quoting L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

The defendant contends a series of changes in circumstances supported his motion to terminate the order. Primarily, the defendant argues that he had "moved on with his life" since the issuance of the order, in that he had been remarried for over seven years and had not exhibited any violent or abusive behaviors, as evidenced by the results of an elective psychiatric evaluation, an affidavit from his current wife, and the fact that he had not accumulated any arrests, convictions involving domestic abuse, or other restraining orders since the issuance of the order. In addition, he planned to relocate

3

permanently with his current wife and their children from New Hampshire to Florida, as demonstrated by loan documents for their new home.

To be sure, remarriage and relocation "may support a finding of a significant change of circumstances." MacDonald, 467 Mass. at 391. See also L.L., 95 Mass. App. Ct. at 23. Although these factors were not sufficient in either MacDonald or L.L. to constitute a significant change in circumstances, the defendant argues that his case is distinguishable. For example, the defendant points to evidence that he had no recent encounters with the criminal justice system and the affidavit from his current wife attesting that he is not physically abusive and "has long moved on from his relationship with" the plaintiff. Contrast MacDonald, supra at 393 (defendant did not submit police affidavit or other "records to show the absence of arrests or convictions or other restraining orders"); L.L., supra ("while the defendant did submit criminal record information," he submitted "no affidavit or testimony from his current wife"). The defendant also provided a psychiatric evaluation indicating that he does not have any mental health conditions. The defendant contends he has therefore demonstrated "not only that he has moved on to another relationship but also that he has 'moved on' from his history of domestic abuse and retaliation." MacDonald, supra.

4

It is clear that the defendant has striven to conform his motion to this case law. However, the Supreme Judicial Court has specifically declined to "adopt any specific checklist of factors, recognizing that the relevant factors will differ depending on the circumstances of the case, and that the evaluation of risk must rest on the totality of the circumstances." MacDonald, 467 Mass. at 393 n.9. On a holistic view of the record, we are not persuaded that the motion judge abused his discretion when he denied the defendant's motion to terminate the order. Although the defendant's psychiatric evaluation is a positive indicator of his current disposition, it does not demonstrate the same accountability or repentance as "the successful completion of mental health, anger management, or substance abuse counselling." See id.

Regarding his relocation, because "the abuse prevention order had issued when the plaintiff and defendant worked or resided in close proximity to each other," the defendant argues "the additional distance between the defendant's and the plaintiff's residences" following his move to Florida is more likely to "significantly diminish the reasonable fear of imminent serious physical harm." MacDonald, 467 Mass. at 392. However, because the defendant did not provide sufficient evidence demonstrating when he planned to relocate to Florida, the motion judge only "credit[ed] so much of the defendant's

5

testimony that he still resides in the state of New Hampshire." Given this lack of proof, the distance factor ultimately offered no support for the defendant's motion.

Significantly in this case, unlike in MacDonald, "here the plaintiff did appear to oppose the motion and did so strenuously. . . . [T]hat opposition, and her continued fear for her safety, come through clearly." L.L., 95 Mass. App. Ct. at 24. In particular, the plaintiff's testimony suggested the alleged changed circumstances would do little to allay her fears of future harm; she testified specifically that "the thought of [the defendant] being able to send me a text message carte blanche whenever he has the whim, scares me to death." Text messages may be sent to Massachusetts as easily from Florida as from New Hampshire. See MacDonald, 467 Mass. at 392 (even if it would require more expense and effort, distance "by itself does not mean that he could not engage in the same conduct from afar that triggered issuance of the initial order"). Distance is therefore unlikely to diminish the plaintiff's fear -- a fear that is objectively reasonable, given the defendant's history of physical abuse and the necessity for ongoing communication between the parties regarding their children. See Yahna Y. v. Sylvester S., 97 Mass. App. Ct. 184, 187 (2020), quoting Callahan v. Callahan, 85 Mass. App. Ct. 369, 374 (2014) ("when a plaintiff has suffered physical abuse, a judge may reasonably

6

conclude that a c. 209A order is necessary 'because the damage resulting from that physical harm affects the victim even when further physical attack is not reasonably imminent'"); Pike v. Maguire, 47 Mass. App. Ct. 929, 930 (1999) (plaintiff's fear of abuse was reasonable "in light of the defendant's past abusive acts giving rise to the prior restraining orders [and] the notoriously volatile nature of child custody and visitation battles").  Taking into account the totality of the circumstances -- including not just the changes the defendant emphasized in his motion, but the parties' history and the plaintiff's testimony -- the motion judge's denial of the defendant's motion to vacate the permanent order was within the range of reasonable alternatives.

2.  Motion for reconsideration.  We discern no abuse of discretion in the motion judge's denial of the defendant's motion for reconsideration.  A motion for reconsideration "should specify (1) 'changed circumstances' . . . or (2) a particular and demonstrable error in the original ruling or decision."  Audubon Hill S. Condominium Ass'n v. Community Ass'n Underwriters of Am., Inc., 82 Mass. App. Ct. 461, 470 (2012). The denial of a motion for reconsideration is reviewed for an abuse of discretion.  See Piedra v. Mercy Hosp., Inc., 39 Mass. App. Ct. 184, 188 (1995).

The defendant asserted in his motion that the motion judge erred in refusing to credit his testimony at the evidentiary hearing that the family planned to relocate to Florida. To support the motion, the defendant attached his wife's Florida driver's license, a Florida vehicle registration and insurance card bearing his and his wife's names, and receipts for moving expenses, showing the family moved three days after the evidentiary hearing took place. The defendant also argued that the motion judge "misconstrued" some of his exhibits, "incorrectly credited" portions of the plaintiff's testimony regarding her fear of future abuse, and abused his discretion in denying the defendant's motion. As to these points, the defendant offered no new evidence.

The standard for granting a motion for reconsideration is stringent. See Peterson v. Hopson, 306 Mass. 597, 603 (1940) ("A judge should hesitate to undo his own work"). "Except in extraordinary circumstances, allowing 'do-overs' . . . designed to clarify muddled hearing testimony undermines the integrity of the process . . . ." Commonwealth v. Pagan, 73 Mass. App. Ct. 369, 375 (2008). In his motion for reconsideration, the defendant advanced the same argument he had before. "After the denial of one motion, a second motion based on the same grounds need not be entertained." Peterson, supra at 600. See Commonwealth v. Demirtshyan, 87 Mass. App. Ct. 737, 741 n.8

8

(2015) ("A motion that simply requests that a judge revisit a decision made previously under the guise of exercising discretion is not a genuine motion for reconsideration").

The motion for reconsideration was supported with better evidence regarding the defendant's recent relocation -- some of which, such as the auto transport receipt, had been available at the time of the evidentiary hearing. But "[t]here is no error in the denial of a motion that merely seeks, as this one did, a 'second bite at the apple.'" Liberty Sq. Dev. Trust v. Worcester, 441 Mass. 605, 611 (2004).

In any case, better evidence of the defendant's plan to relocate did not necessitate reconsideration of the motion judge's ultimate determination. Unlike his second marriage, the defendant's relocation to Florida was still fresh at the time he made the motion and therefore considerably less helpful to the defendant's case. See L.L., 95 Mass. App. Ct. at 20-21, 25 (judge did not abuse discretion in denying motion to terminate 209A order, even where "the defendant ha[d] shown that he ha[d] moved away" six years before moving to terminate). Because the defendant's motion for reconsideration alleged only very slightly changed circumstances, it was not an abuse of discretion for the motion judge to deny it. See Commonwealth v. Clark, 67 Mass. App. Ct. 832, 834 (2006) (appropriate motion for

9

reconsideration is "one that is not a mere rehash of prior arguments").

3.  Constitutional claims.  The defendant also argues his due process rights were violated at the August 20, 2019, extension hearing, at which the order was made permanent, as well as at the July 11, 2023, evidentiary hearing on the motion at issue in this case.  As a threshold matter, any claims arising from the 2019 extension hearing are not properly before us.  The defendant has already had the opportunity to raise these claims on direct appeal.  See J.C. v. J.C., 99 Mass. App. Ct. 1117 (2021).  Whether he failed to raise the claims then, or the panel concluded the claims were meritless, he is not entitled to relitigate them now.

As to the 2023 evidentiary hearing, the defendant argues the motion judge infringed his right to due process by permitting the continuation of an "inequitable" order and by denying him the opportunity to cross-examine the plaintiff and present testimonial evidence at the evidentiary hearing.  A constitutional claim presents a question of law, which we review de novo.  See Commonwealth v. McGhee, 472 Mass. 405, 412 (2015).  "Where a judgment is void for failure to conform to the requirements of due process of law, we must vacate it."  Adoption of Patty, 489 Mass. 630, 637 (2022).

10

However, the defendant's due process claims are without merit.  First, for the reasons discussed herein, the continuation of the order was not inequitable.  See MacDonald, 467 Mass. at 392 ("Where a defendant has failed to meet his burden to terminate an abuse prevention order, the order shall not be terminated, regardless how onerous the collateral consequences, because the only relevant issue is the safety of the plaintiff").  Additionally, the defendant testified extensively and introduced twelve exhibits at the evidentiary hearing, including an affidavit from his current wife; at no point was he denied a request to cross-examine the plaintiff or to call other witnesses.  "The burden is on the appellant in the first instance to furnish a record that supports his claims on appeal.  Errors that are not disclosed by the record afford no basis for reversal" (citation omitted).  Arch Med. Assocs. v. Bartlett Health Enters., 32 Mass. App. Ct. 404, 406 (1992).  Accordingly, we decline to reverse the motion judge's orders on these grounds.[1]

Conclusion.  The order entered August 2, 2023, denying the motion to terminate (docketed as the denial of a motion "to

---

[1] We do not agree with the plaintiff, however, that the defendant's entire appeal should be dismissed for failure to comply with this court's filing procedures.  The record is adequate for appellate review.

11

vacate") is affirmed.  The order entered October 2, 2023, denying the motion for reconsideration, is affirmed.[2]

So ordered.

By the Court (Massing,
  Sacks & Allen, JJ.[3]),

Clerk

Entered:  December 16, 2025.

---

[2] Although we are not convinced by the defendant's arguments on appeal, "[u]npersuasive arguments do not necessarily render an appeal frivolous."  Avery v. Steele, 414 Mass. 450, 455 (1993).  Accordingly, we deny the plaintiff's request for attorney's fees.

[3] The panelists are listed in order of seniority.